**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SENG SAETEURN,<br><br>        Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:18-cv-0538 - JLT<br><br>ORDER TO DEFENDANT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER |

Seng Saeteurn initiated this action by filing a complaint on April 19, 2018, seeking judicial review of a decision to denying an application for Social Security benefits. (Doc. 1) On April 24, 2018, the Court issued Summons to the Commissioner of Social Security (Doc. 4) and its Scheduling Order, setting forth the applicable deadlines (Doc. 5).

Plaintiff served the Commissioner with the Summons, Complaint, and Scheduling Order via certified mail on May 8, 2018. (Doc. 7) Pursuant to the terms of the Scheduling Order, "Within one hundred twenty (120) days after service of the complaint," the Commissioner was to "serve a copy of the administrative record on [Plaintiff] and file it with the court." (Doc. 5 at 2) Thus, the administrative record was due no later September 5, 2018. However, the Commissioner to did not file and serve the record, or request an extension of time.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose terminating sanctions, based on a party's failure to obey a court order, or failure to comply with local rules. *See*, *e.g.* *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (terminating sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (terminating sanctions for failure to comply with a court order).

Accordingly, Defendant is **ORDERED** to show cause **no later than September 25, 2018** why the sanctions should not be imposed for failure to follow the Court's Order or, in the alternative, file and serve the administrative record.

IT IS SO ORDERED.

Dated: **September 7, 2018**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE