UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENG SAETEURN,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL[1],<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:18-cv-0538- JLT<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412<br><br>(Doc. 26) |

Seng Saeteurn seeks an award for fees pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 26) The Commissioner of Social Security opposes the request, arguing the position was substantially justified and the amount of fees requested is excessive. (Doc. 29) Because the ALJ's decision was contrary to established standards set forth by the Regulations and the Ninth Circuit, the decision and the Commissioner's defense thereof were not substantially justified.

For the reasons set forth, Plaintiff's motion for attorney fees under the EAJA is **GRANTED** in the modified amount of **$6,706.89**.

**I.    Background**

Plaintiff filed an application for benefits on February 3, 2014, alleging disability beginning in May 2008, due to depression, anxiety, migraines, asthma, arthritis, weakness in her arms, pain in her

---

[1] This action was originally brought against Nancy Berryhill in her capacity as then-Acting Commissioner. Andrew M. Saul, the newly appointed Commissioner, has been automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d).

1

left heel, and treatment for seizure. (Doc. 11-6 at 13; 11-4 at 13) The Social Security Administration denied her application at the initial level and upon reconsideration. (*See* Doc. 11-3 at 13-42; Doc. 11-5 at 16-26) After requesting a hearing, Plaintiff testified before an ALJ on November 29, 2016. (Doc. 11-3 at 21, 39) The ALJ determined she was not disabled and issued an order denying benefits on December 22, 2016. (*Id.* at 18-31) When the Appeals Council denied Plaintiff's request for review on February 13, 2018 (*id.* at 2-4), the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff initiated the action before this Court on April 19, 2018, seeking judicial review of the ALJ's decision. (Doc. 1)

The Court determined the ALJ failed to apply the correct legal standards in evaluating Plaintiff's testimony and the credibility of her subjective complaints and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on September 4, 2019. (Doc. 24) Thus, judgment was entered in favor of Plaintiff and against the Commissioner. (Doc. 25) Plaintiff now seeks an award of fees as a prevailing party under the EAJA. (Doc. 29)

## II.     Legal Standards for EAJA Fees

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action. 28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden to establish the requested fees are reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA). As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows ... the amount sought, including an itemized statement from any attorney... stating the actual time expended").

2

Where documentation of the expended time is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433, 436-47.  Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.  A determination of the number of hours reasonably expended is within the Court's discretion. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

**III.     Discussion and Analysis**

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes.  *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).  Consequently, Plaintiff was the prevailing party.

      **A.     Whether Defendant's position was substantially justified**

The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process.  28 U.S.C. § 2412(d)(2)(D).  First, "the action or failure to act by the agency" must be substantially justified. *Id.* Second, the Commissioner's position taken in the civil action was substantially justified. *Id.* The inquiry into whether the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998).  Thus, both the ALJ's decision and the arguments of the Commissioner to this Court in defense of the administrative decision must have been substantially justified.  To find a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). Here, Defendant argues that "the Commissioner was substantially justified in defending the ALJ's decision because it was reasonable based on the totality of the record evidence and applicable law." (Doc. 28 at 3)  According to the Commissioner, while the Court found the ALJ erred

in evaluating Plaintiff's credibility, "the current law attributable to this case does not call for an evaluation of 'credibility,' per se, but 'consistency' between Plaintiff's symptom testimony and several factors, including the objective medical evidence and other considerations such as medication compliance, activities of daily living, and medical opinions." (*Id.* at 5, citing 20 C.F.R. § 404.1529(c)(2)-(3); SSR 16-3p, 2017 WL 5180304) In addition, the Commissioner maintains "the ALJ specifically referenced the hearing testimony in question." (*Id.*) Therefore, the Commissioner asserts the decision of the ALJ "had a reasonable basis in law and fact," and "therefore, the Commissioner's position was substantially justified." (*Id.*)

Significantly, as the Commissioner acknowledges, the Court determined "[t]he ALJ failed to discuss Plaintiff's testimony at the administrative hearing concerning her functional limitations." (Doc. 24 at 10) Although the Court observed that the ALJ "generally referred to [the] hearing testimony" in addressing Plaintiff's subjective complaints, "the ALJ focused upon statements found in her disability reports." (*Id.*) The ALJ did not specifically address, contrary to the Commissioner's assertion, Plaintiff's testimony "testified regarding her abilities, stating she was unable to pay attention to things she watched on television, and she suffered from memory problems." (*Id.* at 11, citing Doc. 11-3 at 48) In addition, the Court observed:

> She estimated that she could lift and carry two pounds at most, attributing the limitation to weakness in her left hand and pain in her right elbow. (Id. at 47) Plaintiff believed she could stand for ten minutes, walk only around her house, and sit for 20 to 30 minutes at one time. (Id. at 47-48) Plaintiff stated she was unable to bend over without feeling dizzy and she could not climb stairs. (Id. at 48) However, the ALJ failed to address this testimony, or provide reasons for ignoring the limitations identified by Plaintiff during the hearing.

(*Id.*) Therefore, the ALJ determined "the ALJ failed to address relevant evidence in the record." (*Id.*, citing *e.g.*, *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006))

Further, to the extent the ALJ rejected Plaintiff's subjective statements in her disability reports as inconsistent with the record, the Court determined the ALJ erred. (Doc. 24 at 11-12) Specifically, the Court noted: "though the ALJ indicated Plaintiff's statements were not consistent with "other evidence" in the record, the ALJ failed to specifically identify such evidence. Instead, the ALJ identified only medical evidence in the record as conflicting with Plaintiff's statements concerning 'alleged mental limitations' and 'alleged physical limitations.'" (*Id.*, citing Doc. 11-3 at 29) Because

4

the ALJ considered only the medical record to discount Plaintiff's statements and did not consider other factors identified by the Regulations or the Ninth Circuit, the Court determined the ALJ erred in evaluating the subjective statements. (*Id.* at 12-13)

Notably, the Ninth Circuit and the Regulations set forth standards governing the ALJ's analysis of subjective statements of claimants and hearing testimony. When an ALJ fails to clearly address a claimant's testimony regarding her limitations and abilities, the proper legal standards have not been followed. *See Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001) ("[l]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony"); *see also Shimotsu ex rel. Shimotsu v. Colvin*, 2016 U.S. Dist. LEXIS 56886 (C.D. Cal. Apr. 27, 2016) (finding error where "the ALJ failed to acknowledge Plaintiff's hearing testimony, let alone provide reasons for disregarding it"). Because the ALJ failed to apply the proper legal standards in evaluating Plaintiff's statements, the government's position in defending the ALJ's flawed opinion was not substantially justified.

**B.     Reasonableness of the Fees Requested**

The Ninth Circuit determined courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on "routine" social security cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1133-37 (9th Cir. 2012) ("we question the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court"). Instead, "courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Id.* at 1136, quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Nevertheless, the Court has an independent duty to review evidence of hours worked and tasks undertaken to determine the reasonableness of the fees requested for the case. *Hensley*, 461 U.S. at 433, 436-47.

1.     Time expended

Melissa Newel, Plaintiff's counsel, reports that she spent 10.75 hours on the opening brief in the action and 6.4 hours on the reply. (*See* Doc. 26 at 7-8, Newel Decl. ¶ 4) Defendant argues that the fee award should be reduced because the Court did not address all issues raised by Plaintiff in the opening brief. (Doc. 28 at 7) Defendant notes, "Plaintiff also argued that the ALJ erred in the evaluation of a

5

medical opinion, and a conflict between the vocational expert's testimony and the ALJ's finding regarding Plaintiff's environmental limitations." (*Id.*) According to Defendant, the only issue raised on the confidential letter brief was the ALJ's analysis of Plaintiff's symptom testimony, on which Ms. Newel expended 2.5 hours. (*Id.*) Therefore, Defendant proposes the fee award be reduced related to the additional arguments in the opening brief, which were not addressed by the Court. Further, Defendant contends the fee award should be reduced due "large, undated block-billing entries" identified in Ms. Newel's declaration. (*Id.* at 8)

### a. Issues not addressed by the Court

Although the Court declined to address each of the arguments presented by Plaintiff in the opening brief, the arguments raised involve the same set of facts and similar legal theories. Each argument presented in the opening brief supported Plaintiff's claim that the ALJ "committed a multitude of errors in the adjudication of Plaintiff's application for Social Security benefits." (*See* Doc. 21 at 2)

Notably, the Supreme Court determined that "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." *Hensley*, 461 U.S. at 440. Unrelated claims are "distinctly different" and based on different facts and legal theories, while related issues "involve a common core of facts or [are] based on related legal theories." *Id.* at 434-35, 437 n. 12; *Thorne v. El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). Thus, where a claimant prevails only on some issues related to a Social Security appeal, this Court has declined to reduce fee awards for briefing on issues on which the plaintiff did not prevail. *See, e.g.*, *Cudia v. Astrue*, 2011 WL 6780907, at \*10 (E.D. Cal. Dec. 23, 2011); *see also Blackwell v. Astrue,* 2011 WL 1077765, at \*3 (E.D. Cal. Mar. 21, 2011) ("Here, defendant argues that this court should … limit plaintiff's fees to only hours spent on issues on which plaintiff prevailed. The court, however, declines to do so."). Because all claims were related to the assertion that the ALJ erred in reviewing the record related to Plaintiff's application for benefits, the hours spent by Ms. Newel on issues in the opening brief that were not addressed by the Court will not be deducted from the fee award.

///

|   |   |
|---|---|
| 1 | *b.     Block-billing format* |

The declarations from Ms. Newel regarding her time expended on the action include "block billing," where the timekeeping format "bundles tasks in a block of time." *See Aranda v. Astrue*, 2011 U.S. Dist. LEXIS 63667, at *13 (D. Ore. June 8, 2011). As noted above, Ms. Newel reports that she spent 10.75 hours on the opening brief in the action and 6.4 hours on the reply. (Doc. 26 at 8, Newel Decl. ¶4 ) In addition, Ms. Newel stated that she spent 8.0 hours to review the administrative record and identify the issues to present in Plaintiff's appeal. (*Id.* at 8) Her hours related to preparation of the motion for fees and the reply totaled 2.00 hours and 4.40 hours respectively. (*Id.*; Doc. 29 at 6, Newel Decl. ¶ 2)

Defendant argues the block-billing format used by Ms. Newel is inadequate for the Court determine the reasonableness of the hours reported. (Doc. 28 at 8-9) Indeed, as the Ninth Circuit observed, "block billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins.*, 480 F.3d 942, 948 (9th Cir. 2007). Consequently, where attorneys present time expended in "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch*, 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format"). A district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion" for block billing. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

The block billing format hinders the Court's ability to determine whether the time expended was reasonable. For example, the eight hours reported related to the review of the administrative record, which totaled more than 1,100 pages, is reasonable. On the other hand, the two hours related to the preparation of the opening brief, which appears to be primarily boilerplate language, appears to be excessive. Indeed, this Court has awarded 1.5 hours for preparation of an EAJA motion and declaration where counsel, such as Ms. Newel, is experienced with the preparation of EAJA motions. *See, e.g., Lopez v. Astrue*, 2012 WL 2052146, at *5 (E.D. Cal. June 6, 2012) (observing "the similar nature of … EAJA petitions and billing statements" filed by counsel, and awarding 1.5 hours for the work related to the EAJA motion); *Fontana v. Astrue*, 2011 WL 2946179 at *3 (E.D. Cal. July 21, 2011) (allowing 1.5

hours for preparation of the EAJA application). Further, the Court notes that "there is always some duplicative effort in drafting the confidential brief and opening brief." *See Gentry v. Colvin,* 2014 WL 3778248, at *3 (E.D. Cal. July 30, 2014).

Given the block-billing format of the entries, however, the Court is unable to ascertain the reasonableness of some of the time reported by Ms. Newel, such as distinguishing between time spent on research and drafting for the briefs filed in this action. Accordingly, the Court finds it appropriate to exercise its discretion to reduce the number of hours expended on the litigation by ten percent for purposes of the lodestar calculation. *See Moreno*, 534 F.3d at 1112. This results in a total of 32.86 compensable hours.

### 2. Requested Hourly Rates

Plaintiff's counsel requests the "statutory rate" of $201.60 for work completed in 2018 and $204.25 for work completed in 2019 and 2020. (Doc. 26 at 8; Doc. 29 at 6). Notably, the hourly rates are based upon the rates set by the Ninth Circuit. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited February 6, 2020). However, it appears there was a typographical error by counsel, because the statutory rate set for work completed in 2019 is $205.25. Because counsel clearly indicated she was requesting the "statutory rate," the Court has applied the corrected hourly rate below and finds the the requested rates for Ms. Newel are reasonable and appropriate.

### 3. Amount to be awarded

With the deductions set forth above, Ms. Newel expended a total of 32.86 hours of compensable work in this action on behalf of Plaintiff, , including 10.31 hours in 2018, 16.79 hours in 2019, and 5.76 hours in 2020. The Court finds these hours to be reasonable for the tasks reported by counsel and the results achieved. Thus, Plaintiff is entitled to a fee award in the amount of $**6,706.89**.[2]

**C.     Assignment of the Fee Award**

In *Astrue v. Ratliff*, 560 U.S. 586 (2010) the Supreme Court determined that EAJA fees must be made payable to the "prevailing party." As a result, the payment is subject to a government offset to

---
[2] This amount includes $2,078.50 for the work completed by counsel in 2018 and $4,628.39 for the work completed between 2019 and 2020.

satisfy any pre-existing debt owed by a claimant. *See id.*, 560 U.S. at 592-93. Plaintiff requests that the EAJA fee award be made payable to counsel, pursuant to the fee agreement, "if it is determined at the time of the EAJA order that the plaintiff owes no qualifying debt to the government subject to offset." (*See* Doc. 26 at 2-3; *see also* Doc. 26-1)

Notably, under the Anti-Assignment Act, a claim against "the United States may not be assigned to a third party unless [certain] technical requirements are met." *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015); 31 U.S.C. § 3727. "[I]n modern practice, the obsolete language of the Anti-Assignment Act means that the Government has the power to pick and choose which assignments it will accept and which it will not." *Kim*, 806 F.3d at 1169-70. In addition, the Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security Appeal for disability benefits." *Yesipovich v. Colvin*, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).

Because Plaintiff has assigned her rights to counsel, the EAJA fees should be made payable directly to Plaintiff's counsel, subject to any government debt offset and the government's waiver of the Anti-Assignment Act requirements. *See Yesipovich*, 166 F.Supp at 1011; *see also Beal v. Colvin*, 2016 WL 4761090 at *4 (N.D. Cal. Sept. 13, 2016) (holding where there was "no information on whether plaintiff owes any debt to the government[,]… the EAJA fee shall be paid directly to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt and subject to the government's waiver of the requirements under the Anti-Assignment Act"). If the government chooses to not accept the assignment, payment shall be made to Plaintiff and mailed to his attorney.

## IV.     Conclusion and Order

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). With the deductions set forth above, Ms. Newel expended a total of 32.86 hours on compensable work in this action, which is reasonable in light of the tasks performed on Plaintiff's behalf and results achieved.

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for attorney's fees (Doc. 26) is **GRANTED** in part, in the modified amount of **$6,706.89**;

9

2. Defendant **SHALL** determine whether Plaintiff's EAJA attorney fees are subject to any offset and, if the fees are not subject to an offset, payment shall be made payable to Plaintiff. If the Government decides to accept the assignment of fees, payment shall be made payable to Counsel, Melissa Newel; and

3. Payment **SHALL** be mailed to Plaintiff's counsel of record, Melissa Newel.

IT IS SO ORDERED.

Dated: **February 7, 2020**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE